UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61712-Civ-Cohn/Hopkins

ROBERTO MARTINEZ, as court-appointed
receiver for MUTUAL BENEFITS CORP.,

    Plaintiff,

vs.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC..

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came on before the Court upon Defendant's Motion for Summary Judgment [DE 15]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the record. The motion became ripe on May 8, 2007.

### I. BACKGROUND

Plaintiff Roberto Martinez, court-appointed receiver for Mutual Benefits Corporation (hereinafter, "Receiver"), filed this action for constructive fraudulent transfers against Defendant, American Express Travel Related Services, Inc. ("Amex"), pursuant to Florida Statutes Section 726.105(1)(b). The Receiver alleges that sixteen different payments were made by Mutual Benefits ("MBC") to Amex to pay for charges on the personal American Express card of MBC's former Vice President, Steven K. Steiner. These payments were made between January 2, 2003 and March 29, 2004.

### II. DISCUSSION

Amex has moved for summary judgment on the grounds that it cannot be held

liable for receipt of constructive fraudulent transfers under the facts of this case as it is a "holder in due course" who received payments for value in good faith. Fla. Stat. § 673.3021(1)(b). A holder in due course generally takes a monetary instrument (Fed Wire Credits in this case) free of defenses of which he is not on notice. Fla. Stat. §§ 673.3051 and 673.3061. Amex contends that it had no knowledge of the status of MBC at the time of receipt of the wire credits. Finally, Amex contends that because it processes over 600,000 payments on cardmember accounts, it would be impossible to check each payment to identify whether the payor is the same as the cardholder.

There is no dispute that Amex acted in good faith and had no knowledge of the insolvency of MBC at the time of the transfers in question. However, Plaintiff correctly asserts that under Florida Statutes § 726.105(1)(b), there is no good faith defense. Fla. Stat. § 726.109, and, that a holder in due course is subject to this type of claim. Section 726.105(1) provides that:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> . . .
>
> b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> 2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>
> In re Moodie, 2007 WL 738435, *7 (Bkrtcy.S.D.Fla., March 9, 2007).

While Amex received the payment for value, in that it paid the merchants who

accepted the card as payment, MBC did not receive equivalent value as the payment was for charges personally made by Steven Steiner.  At the time the transactions were made, Plaintiff has put forth sufficient evidence to show that MBC was engaged or about to be engaged in transactions for which its remaining assets were unreasonably small in relation to its business.

As to the holder in due course issue, Florida law states that a holder in due course is subject to a defense of the obligor based upon "discharge of the obligor in insolvency proceedings."  Fla. Stat. § 673.3051(2) and (1)(a)(4).  Plaintiff argues that "insolvency proceedings" is further defined to include "any assignment for the benefit of creditors or other proceedings intended to liquidate or rehabilitate the estate of the person involved."  Fla. Stat. § 671.201(22).  The Receivership created for MBC would appear to qualify as an "insolvency proceeding."  This conclusion distinguishes the cases relied upon by Defendant.  In neither <u>Watson Coatings, Inc. v. American Express Travel Related Services Company, Inc.</u>, 436 F.3d 1036 (8th Cir. 2006), nor <u>DBI Architects, P.C. v. American Express Travel Related Services Company, Inc.</u>, 388 F.3d 886 (DC Cir. 2004), the obligor was not involved in insolvency proceedings.  Thus, even as a holder in due course, Amex is subject to this particular claim of Plaintiff.[1]

Although neither party specifically raised the issue of statute of limitations, this issue is important in addressing Amex's policy argument in its reply memorandum that allowing Plaintiff to retroactively void the payments in this case "would totally disrupt the

---

[1] Amex does distinguish the bankruptcy cases relied upon by Plaintiff on the grounds that the transaction at issue here was an arms-length transaction, while the cases relied upon by Plaintiff involved transactions with relatives or related corporations designed to thwart creditors.  See ¶ 12 of Defendant's Reply Memorandum [DE 22].

3

system of commerce in this country and undermine the banking system." Defendant's Reply Memorandum, ¶ 8 [DE 22]. The answer to that argument is that Congress and the Florida Legislature have placed temporal limits on these avoidance actions. Under federal bankruptcy law, not at issue in this case, an action to void a transfer must be made within two years of the filing of the bankruptcy petition. 11 U.S.C. § 548 (b). Under Florida law, the deadline to bring an action with respect to a fraudulent transfer under Fla. Stat. § 726.105(1)(b) is four years from when the transfer is made. Thus, the four year period runs back from the date the action for fraudulent transfer is filed (November 16, 2006 in this case), not the date of the creation of the receivership. The later date would not place a receiver on any deadlines.

The earliest transfer in the present case occurred on January 2, 2003, within the four year period allowed under Florida law. Therefore, Defendant's Motion for Summary Judgment is denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 15] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 8th day of June, 2007.

JAMES I. COHN
United States District Judge

Copy provided:

Curtis B. Miner, Esq.
Joel V. Lumer, Esq.